# In the United States Court of Federal Claims

No. 19-765T

(Filed: September 10, 2019)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| BYRON L. TAYLOR, | ) |
| Plaintiff, | ) Pro Se Complaint; Dismissal for Lack of ) Subject Matter Jurisdiction; RCFC |
| v. | ) 12(b)(1); Claim Challenging Liens Filed ) by the Internal Revenue Service and Other |
| THE UNITED STATES, | ) Tax Collection Efforts; Tax Refund Claim. |
| Defendant. | ) |

Byron L. Taylor, West Yellowstone, MT, pro se.

Margaret E. Sheer, Attorney, with whom were Richard E. Zuckerman, Principal Deputy Assistant Attorney General, and David I. Pincus, Chief, United States Department of Justice, Tax Division, Court of Federal Claims Section, Washington, DC.

OPINION

CAMPBELL-SMITH, Judge.

This matter is before the court on defendant's motion to dismiss the complaint, brought under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). This motion has been fully briefed, as follows: defendant's motion, ECF No. 6; plaintiff's response, ECF No. 7; and, defendant's reply, ECF No. 8. For the reasons set forth below, defendant's motion is **GRANTED**.

I.   Background

On May 21, 2019, Mr. Byron Taylor filed suit in this court against the United States, requesting a judgment in his favor in the amount of $102,694.75 and describing his claim as one founded on the government "taking plaintiff's assets without jurisdiction." ECF No. 1 at 2, 4 (complaint). The types of government actions discussed in the complaint are all actions taken by the Internal Revenue Service (IRS), including

the filing of liens, the assessment of tax penalties, and the application of tax overpayments in later tax years to partially satisfy the assessed tax penalties for tax years 2010, 2011 and 2012. Id. at 2; ECF No. 1-1 at 11-35. Thus, although the complaint is somewhat cryptic, two types of claims may be discerned therein. First, plaintiff seeks relief regarding liens in the amount of $37,086.54 filed by the IRS against Mr. Taylor's property in Gallatin County, Montana, and other tax collection by the IRS. ECF No. 1 at 2; ECF No. 1-1 at 11-12, 29-35. Second, Mr. Taylor seeks compensation, which is indistinguishable, logically, from a tax refund, because he was "damaged" by penalties and interest assessed by the IRS for tax years 2010, 2011 and 2012.[1] ECF No. 1 at 2; ECF No. 1-1 at 13-35.

In its motion to dismiss, the government asserts that there is no jurisdiction in this court for plaintiff's claims. ECF No. 6. Plaintiff's response brief does not squarely address defendant's jurisdictional arguments, asserting, instead, that "[p]laintiff will gladly agree to dismiss this case if defendant returns Plaintiff's assets otherwise Plaintiff asks this court for a simple judgment in Plaintiff's favor in the amount of $102,694.75." ECF No. 7 at 3. Defendant's reply brief asserts that plaintiff has not established this court's jurisdiction over any of plaintiff's claims. ECF No. 8 at 3.

II. Legal Standards

A. Pro Se Litigants

The court observes that Mr. Taylor is proceeding pro se and thus, is "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Pro se plaintiffs are entitled to a liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has thoroughly examined plaintiff's complaint and response brief to discern his legal arguments and the nature of his claims. See, e.g., Katz v. Cisneros, 16 F.3d 1204, 1207 (Fed. Cir. 1994) ("Regardless of the characterization of the case ascribed by [the plaintiff] in its complaint, we look to the true nature of the action in determining the existence or not of jurisdiction." (citing Livingston v. Derwinski, 959 F.2d 224, 225 (Fed. Cir. 1992))).

B. Subject Matter Jurisdiction

When rendering a decision on a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), this court must presume all undisputed factual

---

[1] According to defendant, the penalties and interest assessed by the IRS stem from a series of "frivolous" amended tax returns for tax years 2010, 2011, and 2012 that plaintiff filed in 2014 and 2015. ECF No. 6 at 2-3.

allegations in the complaint to be true and construe all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). However, plaintiff bears the burden of establishing subject matter jurisdiction, Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, Reynolds, 846 F.2d at 748 (citations omitted). If jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3).

This court's jurisdiction, based on the Tucker Act, is a grant of "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012).

III. Analysis

    A.     The Court Does Not Have Jurisdiction to Hear Plaintiff's Claim Related to the Liens Filed by the IRS or Other Types of Tax Collection by the IRS

In the complaint, a portion of the judgment Mr. Taylor seeks is attributed to "counterfeit securities," plaintiff's term for the lien or liens filed against his property by the IRS. ECF No. 1 at 2; ECF No. 1-1 at 11-12. Another portion of the judgment plaintiff seeks is for the IRS actions, "CP [4]9 Notices," which paid some tax liabilities for tax years 2010, 2011 and 2012 through the application of his tax overpayments in later tax years. ECF No. 1 at 2; ECF No. 1-1 at 29-35. As defendant argues, however, this court does not have jurisdiction over a challenge to IRS liens, or for claims requesting damages related to IRS collection practices. ECF No. 6 at 7 (citing 26 U.S.C. §§ 7426(a)(1), 7432(a), 7433(a) (2012); Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002); Zolman v. United States, No. 17-1901T, 2018 WL 1664690, at *1 (Fed. Cl. Apr. 6, 2018)). These authorities show that plaintiff's requests for relief related to liens and other collection activities of the IRS are not within the jurisdiction of this court. Thus, plaintiff's claim for these damages must be dismissed.

    B.     The Court Does Not Have Jurisdiction to Hear Plaintiff's Tax Refund Claim, Styled as the "Taking of Plaintiff's Assets Without Jurisdiction"

Plaintiff clearly indicates his disagreement with the validity of his tax liabilities for tax years 2010, 2011, and 2012, as asserted by the IRS in the form of penalties and interest. ECF No. 1 at 2; ECF No. 1-1 at 1, 13-35. Although Mr. Taylor describes these tax liabilities as a taking of his assets without jurisdiction, IRS assessments of tax liability do not provide the basis for a takings claim. E.g., Skillo v. United States, 68 Fed. Cl. 734, 743 (2005). Plaintiff's claim is, by its nature, a tax refund claim, and the court must

apply binding precedent to determine whether Mr. Taylor's tax refund claim is within this court's jurisdiction.

The principal impediment to plaintiff's tax refund claim, as evidenced by the documents attached to the complaint, is that he has not satisfied the "full payment" rule, which requires that a taxpayer pay the tax assessed by the IRS before bringing a tax refund claim in this court. See, e.g., Shore v. United States, 9 F.3d 1524, 1525-27 (Fed. Cir. 1993) (setting forth the history of the full payment rule). As the United States Court of Appeals for the Federal Circuit has stated, when the taxpayer "has not yet paid the assessed tax for which he seeks a refund, the trial court is without jurisdiction to hear his claim for a refund." Ledford, 297 F.3d at 1382. Following Ledford, this court must dismiss Mr. Taylor's tax refund claim.

IV.     Conclusion

Mr. Taylor does not bring claims over which this court has jurisdiction. Accordingly, defendant's motion to dismiss, ECF No. 6, is **GRANTED**. The clerk's office is directed to **ENTER** final judgment in favor of defendant **DISMISSING** plaintiff's claims for lack of subject matter jurisdiction, without prejudice.[2]

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Judge

---

[2] Transfer of plaintiff's claims to a federal district court would not be in the interest of justice. As noted by defendant, plaintiff's claims and legal arguments follow a pattern of frivolous challenges to tax liabilities assessed by the IRS. See ECF No. 6 at 4 n.1 (listing similar cases); ECF No. 8 at 1-2 (comparing this case to other tax protestor cases).